UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BENZ: FREDERICKRICHARD d/b/a FREDERICK RICHARD BENZ, <br><br> Plaintiff, <br><br> v. <br><br> THEODORE TOLLEFSON; RYAN FELDMEIER; DREW SHARKEY; DANIEL JAMES; JACE SCHIRRMACHER; JOHN H. NESMITH; LANNIE CHECKETTS; AND JOHN DOES 1-20, <br><br> Defendants. | Case No. 1:25-cv-00527-AKB <br><br> **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiff Frederick Richard Benz's Motion for Preliminary Injunction (Dkt. 3). For the reasons explained below, the Court dismisses Benz's complaint without prejudice and denies the motion as moot.

## I.    BACKGROUND

In October 2024, Benz was arrested following a traffic stop in Ada County Case No. CR01-24-34437 (Dkt. 1 at 16). On September 11, 2025, Benz filed a complaint against seven defendants involved in the state criminal prosecution against him, including several police officers and an Idaho magistrate judge (Dkt. 1 at 2-3) (identifying defendants). Benz alleges that his arrest and the subsequent prosecution violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. 42 U.S.C. § 1983; (Dkt. 1 at 7-14, 16-18). He also

**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 1**

alleges a claim for intentional infliction of emotional distress under Idaho law (Dkt. 1 at 14-16). In addition to his complaint, Benz filed a motion for preliminary injunction, seeking to enjoin the state of Idaho from continuing to prosecute him in his pending criminal case (Dkt. 3). According to the Idaho State Court docket, jury trial in Benz's case is scheduled to commence on September 18, 2025. *State v. Benz*, CR01-24-34437 (Ada Cnty. Magis. Ct.).[1] For the reasons discussed below, the Court dismisses Benz's complaint without prejudice and denies his motion for preliminary injunction as moot.

Benz seeks a preliminary injunction enjoining Case No. CR01-24-34437 for the following reasons:

1. **Speedy trial violation**. Benz alleges that his prosecution has extended to eleven months, despite only one continuance being issued on July 30, 2025.

2. **Judicial bias and separation of powers**. Following the government's failure to file a motion in opposition of Benz's motion to dismiss, the judge "abandoned neutrality by arguing on behalf of the prosecution" (Dkt. 3 at 8).

3. **Fabricated evidence and misidentification**. Benz believes he was wrongfully arrested after the officers "falsely identified" plaintiff as another individual.

4. **Retaliation for redress of grievances**. Benz argues that officers retaliated against him when he "served notice documents upon officers" during the October traffic stop.

---

[1]    The Court takes judicial notice under Rule 201 of the Federal Rules of Evidence of the court filings in *State of Idaho v. Benz*, Case No. CR01-24-34437, Ada County Magistrate Court (filed Oct. 18, 2024), in the Idaho iCourt Portal. *See* Fed. R. Evid. 201(b) (providing court may judicially notice fact not subject to reasonable dispute).

## II.    ANALYSIS

Benz seeks federal court intervention into an ongoing state criminal proceeding. Specifically, he seeks immediate injunctive relief, arguing he should not be subject to further criminal prosecution because the prosecution "has been conducted in bad faith, with judicial bias, and in violation of his constitutional rights" (Dkt. 3 at 9). Further, he requests a declaratory judgment that Defendants violated his rights during the October 2024 traffic stop and subsequent prosecution of the state criminal charges; expungement of all records related to the incident; and compensatory and punitive damages (Dkt. 1 at 21–23). Such a course of action is improper under *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine provides that a federal court must refrain from enjoining a state criminal prosecution. 401 U.S. at 45 ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not issue such injunctions."); *see also Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). "The doctrine requires a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity and to dismiss a case on jurisdictional grounds before examining the merits." *Crossett v. Idaho*, No. 23-cv-00389-AKB, 2023 WL 6119779, at *2 (D. Idaho Sept. 18, 2023) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016)). Thus, *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Absent extraordinary circumstances, the *Younger* doctrine requires a federal court to abstain from exercising jurisdiction over an action if three factors are met: (1) an ongoing state judicial proceeding exists; (2) the proceeding implicates an important state interest; and (3) the plaintiff has an adequate opportunity in the state proceeding to raise the constitutional challenge. *Id.* at 432. Additionally, the *Younger* Court held that important state interests are at stake where criminal proceedings are involved. 401 U.S. at 43-44. Extraordinary circumstances include (1) where irreparable injury is both "great and immediate," *Id.* at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief," *id.* at 54. The Ninth Circuit has explained that bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003).

The Court finds all three *Younger* abstention factors are present. First, Benz's criminal case is ongoing. Second, that the proceedings are criminal implicates important state interests. Third, if Benz does not prevail in state court, Benz has a remedy—an appeal. In other words, Benz has an adequate opportunity to raise his federal constitutional challenges in state court. Finally, Benz's allegations do not present extraordinary circumstances justifying an exception to the *Younger* doctrine. Accordingly, the Court finds abstaining from exercising jurisdiction over Benz's case is appropriate.

### III.    ORDER

**IT IS ORDERED that:**

1.     The Court **ABSTAINS** from exercising jurisdiction over this case. Accordingly, Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice**.

2.     Plaintiff's Motion for Preliminary Injunction (Dkt. 3) is **DENIED as moot**.

DATED: September 16, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge